### JACKSON v. BRADHURST et al.

(Supreme Court, Special Term, New York County. February, 1896.)

PARTITION—LIENS OF THIRD PERSONS.

> Code Civ. Proc. § 1540, provides that plaintiff in partition may, at his election, make a creditor having a lien on an undivided share in the property a defendant; that in such case he must specify the interest to which it attaches; and that, if partition is made, the lien shall thereafter attach only to the share assigned to the party upon whose share the lien attached. *Held*, that such section applies only where an actual partition is made, and not in a case in which sale is made.

Action of partition by Jackson against Charles C. Bradhurst and others. There was a judgment of partition, and sale of the land, and the purchaser moves to set aside the sale on the ground that a lis pendens previously filed constituted a cloud on the title. Motion denied.

Charles A. Jackson, for plaintiff.

William J. O'Leary, for defendants.

TRUAX, J. On the 17th day of February, 1892, prior to the filing of the lis pendens in this action, which is an action of partition, a lis pendens was filed in an action brought by one Mary E. Smith against the above-named Charles C. Bradhurst, in an action to enforce the specific performance of a certain contract, by which the said Charles C. Bradhurst agreed to give a mortgage upon his interest in certain premises which were afterwards sought to be petitioned in this action. Thee above-named Mary E. Smith was not made a party to this action. There was no advertisement in this action for liens upon the undivided shares of the various parties, and the lis pendens in the action of Smith against Bradhurst is still upon the interest of the said Bradhurst. Certain premises were sold under the decree in this action, and purchased by the moving party, who now seeks to have said purchase set aside upon the ground that the lis pendens filed in the action of Smith against Bradhurst is a cloud upon the title to said premises. Section 1540 of the Code of Civil Procedure provides that "the plaintiff may, at his election, make a creditor, having a lien on an undivided share or interest in the property, a defendant in the action. In that case he must set forth the nature of the lien, and specify the share or interest in which it attaches. If partition of the property is made, the lien, whether the creditor is or is not made a party, shall thereafter attach only to the share or interest assigned to the party upon whose share or interest the lien attached, which must be first charged with its just proportion of the costs and expenses of the action in preference to the lien." This section of the Code was intended to apply only to a case where an actual partition is made, and not a case where a sale is made. The sections of the

Code relating to partition make a difference between an actual partition and a sale. For instance, by section 1532, which is the first section of the article of the Code relating to actions for partition, it is provided that two or more persons holding as joint tenants or tenants in common may maintain an action for partition according to the respective rights of the persons interested, and for the sale thereof if it appears that partition cannot be made. From this section it appears that a sale is only to be made in case an actual partition cannot be made. Section 1540 does not apply to the case of a sale, because it does not use the word "sale," nor does the language, "that the liens shall attach only to the share or interest assigned," contemplate the case of a sale and distribution of the proceeds. The share is only assigned to the party where actual partition is made. In other cases there is a distribution of the proceeds.

 Motion granted.